In the Interest of V.H., Jr., a minor under the age of 17, Appellant.

No. 44528.

Missouri Court of Appeals, Eastern District, Division Three.

July 26, 1983.

Joseph W. Downey, Public Defender, St. Louis, for appellant.

CRANDALL, Presiding Judge.

V.H., Jr., a juvenile and appellant herein, appeals from the determination of the juvenile court, after a hearing, that he be placed under official court supervision. The basis for the court's exercise of jurisdiction was appellant's alleged violation of § 569.120, RSMo (1979). § 211.031(3), RSMo (1979). Section 569.120, RSMo (1979) provides, in pertinent part, that a person commits property damage in the third degree (a class B misdemeanor if committed by an adult) if "he knowingly damages the property of another." On appeal, appellant argues that the respondent failed to prove an essential element of the offense, to wit, damage to the property. We agree and therefore reverse.

The evidence adduced at appellant's hearing showed that on May 18, 1981, James Patton was driving an automobile. When he stopped at a traffic light, he saw appellant with his arm in a throwing motion and heard a "rock or something hard" hit the rear quarter panel of his automobile. There was no evidence adduced of damage to the automobile.

Sections 569.100–569.120, RSMo (1979) prohibit, *inter alia,* knowingly damaging the property of another. Penalties are graded on the basis of the amount of damage that is done. *See* §§ 569.080–569.-130, RSMo (1979), Comment to the 1973 Proposed Code. Property damage in the third degree does not require a dollar amount of damage. Although the damage may be so slight that it does not reduce the value of the property, there still must be some evidence of injury to the property. *See* The New Missouri Criminal Code: A Manual for Court Related Personnel § 14.-15 (1978).

No evidence was presented that Patton's automobile was damaged. We therefore hold that respondent failed to prove an essential element of the offense beyond a reasonable doubt. *See* Rule 117.05(a) and Comments following.

Reversed.

REINHARD and CRIST, JJ., concur.